IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LINDA PETTWAY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | 2:03-CV-00909-B |
| ) | |
| ALABAMA DEPARTMENT OF ) | [WO] |
| PUBLIC HEALTH, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION**

Having duly considered each of the five objections asserted in *Defendants' Motion to Strike Plaintiff's Response to Defendants' Motion for Summary Judgment* (Doc. 53, August 27, 2004) as well as *Plaintiff's Response* (Doc. 60, September 7, 2004)[1], it is, for good cause grounded in applicable rules of evidence, **ORDERED** as follows:

1. The *Motion to Strike* the entire summary judgment Response because it is non-compliant with the scheduling order's requirement of specific references to evidentiary citations[2] is DENIED.

---

[1] *Plaintiff's Response* focuses exclusively on Defendant's motion to strike her unsigned affidavit (*Mot.*, ¶4 ) and fails altogether to address the objections cited in ¶¶ 1, 2, 3, and 5 of Defendant's motion.

[2] Defendants note properly these cautionary instructions at Section 2 of the Uniform Scheduling Order (Doc. 14): "In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document. Failure to make such specific reference will result in the evidence not being considered by the court." While Plaintiff's brief does include some evidentiary references which are compliant with this section and some which are not, neither the incidence of non-compliance nor the evidence necessarily considered in evaluating the summary judgment motion justifies the

(continued...)

2.  The *Motion to Strike* from Plaintiff's summary judgment Response any reference to Danita Rose as "Defendant Rose" is GRANTED as she is not a defendant.

3.  The *Motion to Strike* from Plaintiff's summary judgment Response any references to the deposition of Denita Rose is GRANTED as the deposition is not part of the record on summary judgment.

4.  The *Motion to Strike* from Plaintiff's summary judgment Response the unsigned "Affidavit of Linda Pettway" marked "Ex. A" is DENIED as mooted by Plaintiff's submission as well of an affidavit by Linda Pettway which is signed and otherwise compliant with Fed.R.Civ.P.Rule 56(e).

5.  The *Motion to Strike* from Plaintiff's summary judgment Response "all inadmissible hearsay contained in the [signed] Affidavit" of Linda Pettway – specified as "Plaintiff's alleged conversations with Melody Tompkins and Dr. Jill Awrey" – is GRANTED.[3]

---

[2](...continued)
requested remedy.

[3] In lieu of striking an entire affidavit, the court may strike only inadmissible parts and consider the remainder. *Lee v. National Life Assurance Co.,* 632 F. 2d 524, 529 (5th Cir. 1980). While the general rule prohibits the consideration of inadmissible hearsay on a motion for summary judgment, *Macuba v. Deboer*, 193 F. 3d 1316, 1322 (11th Cir. 1999), it may be considered if it would be admissible at trial as non-hearsay or pursuant to an exception to the hearsay rule. *McMillian v. Johnson*, 88 F. 3d 1573, 1584 (11th Cir. 1996). Plaintiff's testimony about the substance of communications to her from Melody Tompkins and Dr. Awtrey is hearsay which cannot be reduced to admissible evidence at trial.

DONE this 15th day of July, 2005.

>**/s/ Delores R. Boyd**
>DELORES R. BOYD
>UNITED STATES MAGISTRATE JUDGE